

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,551-01

### EX PARTE REYNALDO ALBERTO CANTU, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2013-08-7359-A IN THE 24TH DISTRICT COURT FROM CALHOUN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual abuse of a young child and sentenced to life imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Cantu v. State*, No. 13-14-00133-CR (Tex. App.—Corpus Christi Jan. 11, 2018) (not designated for publication).

Applicant contends, among other things, that trial counsel failed to challenge Amador Roldan, a prospective juror, for bias or prejudice. *See* TEX. CODE CRIM. PROC. art. 35.16(a)(9). Applicant also contends that appellate counsel failed to timely inform him that his conviction had

been affirmed and advise him of his right to petition *pro se* for discretionary review.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. Pursuant to *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial and appellate counsel to respond to the above claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel was deficient for not challenging Roldan for cause and whether Applicant was prejudiced by counsel's alleged deficient conduct. The trial court shall also make findings and conclusions as to whether appellate counsel timely informed Applicant that his conviction had been affirmed and advised him that he had a right to file a *pro se* petition for discretionary review. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be

requested by the trial court and shall be obtained from this Court.

Filed: March 20, 2019
Do not publish